**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 5, 2012

Lyle W. Cayce
Clerk

10-20868

ACCESS MEDIQUIP L.L.C.,
a Texas Limited Liability Company,

Plaintiff-Appellant

v.

UNITEDHEALTHCARE INSURANCE COMPANY,
A Connecticut Corporation,

Defendant-Appellee

Appeals from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, and REAVLEY, JOLLY, DAVIS, JONES, SMITH, DENNIS, CLEMENT, PRADO, OWEN, ELROD, SOUTHWICK, HAYNES, GRAVES, and HIGGINSON, Circuit Judges.* **

PER CURIAM:

The court took en banc this case, which raises questions about the scope of liability of an ERISA plan administrator and fiduciary for allegedly misrepresenting a plan beneficiary's coverage in its advice to a provider of health devices. The vacated panel opinion relied primarily on this court's decisions in *Transitional Hosp. v. Blue Cross & Blue Shield of Texas, Inc.*, 164 F.3d 952 (5th Cir. 1999), and *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236

---

* Judge King did not participate in this decision.

** Judge Reavley and Judge Graves agree to reinstate the panel opinion and concur in the judgment.

No. 10-20868

(5th Cir. 1990), in reaching the conclusion that three of the provider's state law claims, for negligent misrepresentation, promissory estoppel and violations of the Texas Insurance Code, were not preempted by ERISA.[1]

The panel itself rejected, albeit without citing, this court's decision in *Cypress Fairbanks Med. Ctr., Inc. v. Pan-American Life Ins. Co.*, 110 F.3d 280 (5th Cir. 1997).  Further,  UnitedHealthcare, the plan administrator, contended in its petition for rehearing en banc that *Transitional* and *Northbrook*, and consequently the panel's decision, are in tension with the court's prior opinions in *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286 (5th Cir. 1988) ("*Hermann I*"), and *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 959 F.2d 569 (5th Cir. 1992) ("*Hermann II*").

Having reconsidered this case en banc, we reinstate the panel opinion and overrule, to the extent inconsistent with its reasoning, the court's opinions in *Cypress Fairbanks*,  *Hermann I* and *Hermann II*.

The judgment of the district court is REVERSED and the case REMANDED for further proceedings consistent herewith.

REVERSED and REMANDED.

---

[1] Access Mediquip has not challenged the panel's rejection of its state law claims for quantum meruit and unjust enrichment;  that portion of the panel opinion is reinstated.

2

No. 10-20868

E. Grady Jolly, Circuit Judge, specially concurring:

I concur. If, however, we were writing on a clean slate–that is without two decades of following *Memorial Hospital*, and without other circuits essentially doing the same–I would make clear that the test proposed in *Memorial Hospital* should be articulated in the disjunctive, not the conjunctive. Instead of requiring that "the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; *and* . . . the claims directly affect the relationship among the traditional ERISA entities–the employer, the plan and its fiduciaries, and the participants and beneficiaries," *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990), I would make the test whether: "(1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; *[or]* (2) the claims directly affect the relationship among the traditional ERISA entities–the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Id.* The satisfaction of either the first or second prong establishes preemption, and that is that.